IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-50301

---

ISMAEL LEGARRETA; ROBERTO M. LERMA;
FRED SANCHEZ, JR.; MAGDALENA C. LERMA; MANUEL G. LERMA;
MARIA J. MONTOYA; JESSIE WILLIAMSON;
MARGARITA GIRON SANCHEZ; ROSA D. CABALLERO;
SOCORRO ESPARZA; PEDRO ESPARZA;
TERESA LABORDE; MARGARITA M. GUERRERO;
VIRGINIA VALENCIA; HAILAR SOILS;
ANTONIO R. CAMPOS; GRISELDA Y. LERMA;
BEATRICE CAMPOS; MANUEL J. BARRAZA,

                                        Plaintiffs-Appellants,

                    versus

JAMES NELSON, in his individual capacity
and his official capacity as Commissioner of
Education of the State of Texas;
LINDA MORA, in her official capacity as the Master
designated by the Texas Commissioner of Education
for the Ysleta Independent School District,

                                        Defendants-Appellees.

---

Appeal from the United States District Court
For the Western District of Texas
(EP-01-CV-81-H)

---

March 7, 2002

Before HIGGINBOTHAM, DeMOSS, and BENAVIDES, Circuit Judges.[*]

PER CURIAM:

---

[*] Pursuant to 5ᵀᴴ Cᴉʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cᴉʀ. R. 47.5.4.

The Ysleta Independent School District in Texas is governed by a seven-member board of trustees. YISD had elections in May 2000 resulting in a majority Latino board. On August 29, 2000, after receiving a request from the board, the Commissioner of Education for Texas, James Nelson, informed the board of his decision to grant the request and appoint a master to govern the YISD pursuant to Texas law. The enabling legislation that gave the Commissioner this power had previously been precleared by the Attorney General, however the United States has at all times maintained that individual decisions to appoint masters must also be precleared. The State of Texas had attempted to obtain "advance" preclearance of these decisions through a suit in the District of Columbia, but was ultimately rebuffed by the Supreme Court on ripeness grounds.[1]

Under the Commissioner's order the master would have the power to approve or disapprove of any action of the board but no power over elections or tax rates. The master's role would be reviewed every 90 days. After the first 90-day period, the master released her first report on YISD, and the Commissioner continued her appointment "indefinitely" and expanded the master's authority.

On March 6, 2001, residents of YISD filed a complaint in district court against the Commissioner under § 5 of the Voting Rights Act alleging that the decision to appoint a master must be

---

[1] *See Texas v. United States*, 523 U.S. 296 (1998).

precleared.[2]  The complaint also alleged that the appointment of the master violated state law.[3]  The plaintiffs moved for designation of a three-judge panel, and the district court refused, dismissing the case sua sponte without a responsive pleading and without convening a three-judge panel.

Given the present position of the case, we cannot say that the claim is so insubstantial as to warrant dismissal by a single judge.  We must vacate the order of dismissal and remand the case to the district court with instructions to request the Chief Judge to convene a three-judge court.  We express no opinion on the sole question the three-judge court will answer – whether the appointment was subject to preclearance.  It may be that the question will be answerable without an evidentiary hearing, but that decision belongs to the three-judge court.

VACATED and REMANDED.

---

[2] While the appointment of the master had been requested by the Board, they became dissatisfied when the master demanded that the school superintendent be retained over the objections of the Board.

[3] The district court apparently also based its decision on the § 5 matter on the plaintiffs' allegations that the appointment violated state law. The State appears to have abandoned this defense of the district court's decision on appeal, as it does not appear in the briefing.